**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3. Also complete
  item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse
  so that we can return the card to you.
■ Attach this card to the back of the mailpiece,
  or on the front if space permits.

1. Article Addressed to:

Kevin Zinn Shire
5965 Transit Road, Suite 100
East Amherst, NY 14051

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _Chelsey Wexler_          ☐ Agent
                            ☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery
Chelsey Wexler                   2-18-14

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:         ☒ No

3. Service Type
   ☐ Certified Mail®       ☐ Priority Mail Express™
   ☐ Registered            ☐ Return Receipt for Merchandise
   ☐ Insured Mail          ☐ Collect on Delivery

4. Restricted Delivery? (Extra Fee)            ☐ Yes

2. Article Number
   (Transfer from service label)

7012 2920 0002 0833 3859

PS Form 3811, July 2013        Domestic Return Receipt

# The Law Office of
# Kevin Z. Shine, PLLC

KEVIN Z. SHINE (NY, CO)
JASON B. DESIDERIO (NY, OH)

| | |
|---|---|
| Toll Free | 888-201-6643 |
| Local | 716-204-4260 |
| Fax | 716-204-8364 |

February 21, 2014

Stanislav Lazarovsky
365 Bradley Ave
Staten Island, New York 10314

Re:     CACH of Colorado, LLC v. Stanislav Lazarovsky – Index No. CV-0018904-13/RI

Dear Mr. Lazarovsky.:

Enclosed herein please find Plaintiff's response to Defendant's Order to Show Cause, with supporting documents, regarding the above referenced matter. The return date has been scheduled for February 26, 2014 at 9:30 a.m.

If you have any questions, please call me at the number above. Thank you for your courtesy and cooperation with this matter.

Respectfully submitted,

Stephanie A. Snow
Paralegal
*The Law Office of Kevin Z. Shine, PLLC*
Enclosures

CIVIL COURT OF THE CITY OF NEW YORK
STATE OF NEW YORK: COUNTY OF RICHMOND
-------------------------------------------------------------x
CACH of COLORADO, LLC,

                             Plaintiff

                -vs-

STANISLAV LAZAROVSKY,

                       Defendant
-------------------------------------------------------------x

**Index No.: CV-001890-13/RI**

**PLAINTIFF'S AFFIRMATION
IN RESPONSE TO THE
DEFENDANT'S ORDER
TO SHOW CAUSE**

Jason B. Desiderio, Esq, as an attorney duly admitted to practice in the Courts of this state affirms the following under penalty of perjury:

1)      I am a member of The Law Firm of Kevin Z. Shine, PLLC, attorneys for CACH of COLORADO, LLC (herein after referred to as the "Plaintiff") and am fully familiar with the facts and circumstances herein after set forth.

2)      I submit this Affirmation in Response to the Order to Show Cause (OSC) to Vacate a Judgment, lift restraints and executions, order restitution, restore to the calendar or allow a proposed answer from Stanislav Lazarovsky (hereinafter referred to as the "Defendant").

## BACKGROUND

3)      This is an action to collect a debt relating to a Citibank South Dakota, N.A. account.  The debtor is Stavislav Lazarovsky and the debtor's Social Security Number is identified as XXX-XX-1702.  See, Affidavit of Shelley R. Baker, dated October 24, 2012, and Attached as Exhibit A at ¶ 4.  Lazarovsky owes $2,153.32.  Id. at ¶ 5.

4)      Citibank South Dakota, N.A. was subsequently absorbed by Citibank, N.A. when it merged with Citibank South Dakota, N.A.  Then Citibank, N.A. sold the Lazarovsky account to the Plaintiff on or about February 21, 2012.  Id. at ¶ 1 and 7; Exhibit B, Affidavit of Sale of Account by Original Creditor.  Accordingly, CACH is the proper plaintiff and the Plaintiff has standing.  *Palisades Collection, LLC v. Kedick*, 67 A.D.3d 1329, 1330-1331 (4th Dept. 2009) (A plaintiff establishes its right to sue by submitting evidence of the debt's transfer).  The Plaintiff's name as stated in the caption identifies its place of organization as the result of a scrivener's error.  See, Exhibit C, Affidavit of Claim at ¶ 1.

5)      While the account was active, Account Statements were mailed to Lazarovsky at his residence.  The final statement is attached as Exhibit D.  The monthly statement obtained from the original creditor is self-authenticating pursuant to *Thomas v. Rogers Auto Collision, Inc.*, 69 A.D.3d 608 (2nd Dept 2010) and *Elkaim v. Elkaim*, 176 AD2d 116 (1st Dept. 1991) and so it is admissible without foundational evidence.

6)      The Summons and Complaint were filed on or about March 28, 2013. See, Summons and Complaint, attached as Exhibit E.   Lazarovsky was served pursuant to CPLR § 308(2).  The Summons and Complaint were delivered to Lazarovsky at his residence on April 13, 2013.  The process server then mailed a copy of the Summons and Complaint to Lazarovsky on April 14, 2013.  See, Affidavit of Service attached as Exhibit F.

7)      Following service, an additional notice of the action was sent to Lazarovsky on March 28, 2013.  The notice was sent to Lazarovsky's residence.  See, Exhibit G, Affidavit of Providing Additional Notice to Court.

8)      The Defendant did not file an Answer and Plaintiff submitted a request for default judgment on or about May 28, 2013.  The judgment application was granted and the judgment was filed with the County Clerk on July 23, 2013.  See, Exhibit H, Transcript of Judgment.

9)      Now Defendant has filed an Order to Show Cause, Exhibit I, stating that he does not owe money to the Plaintiff and he is the victim of identity theft. He claims, without any evidence, that the credit card was issued under his daughter's name, Stanislava Lazarovsky. For the reasons explained below, his motion should be denied.

<u>The Order To Show Cause Must Be Denied Because It Was Improperly Served.</u>

10)     The Defendant's Order to Show Cause directs him to serve the Order by certified mail, return receipt requested on or before February 14, 2014.  See, Ex. I.  But, the attached envelope, which included the Defendant's Order to Show Cause, proves that Defendant did not serve the Order to Show Cause on time.  Instead, the postmark shows that it was not served until February 5 2014.  Id.

11)     According to the treatise Carmody-Wait 2d, (2 Carmody-Wait 2d § 8:55), "(o)rders to show cause require strict compliance with their terms, and thus, the method of service provided for in an order to show cause is jurisdictional in nature and must be strictly complied with."   See also, *Matter of Hennessey v DiCarlo*, 21 AD3d 505, 505, 800 N.Y.S.2d 576 (2d Dept 2005)("The method of service provided for in an order to show cause is jurisdictional in nature and must be strictly complied with.").  "Since strict compliance with the service provisions of the order to show cause is jurisdictional in nature, the Supreme Court here did not have jurisdiction to entertain the proceeding."  *Matter of Kiernan v New York State Bd. of Elections*, 95 AD3d 1242, 944 N.Y.S.2d 754 (2d Dept 2012).

12)     Lazarovsky did not comply with the terms for service because he did not serve the Order to Show Cause on or before February 14, 2014.  Accordingly, the Court does not have jurisdiction to hear his motion and it must be denied.

<u>Lazarovsky, And Not His Daughter, Is The Person Liable For The Debt.</u>

13)     Trial courts must exercise sound discretion when considering a motion to vacate a default judgment.   *DeVito v Marine Midland Bank*, 100 AD2d 530, 531 (2d Dep't 1984). Judicial discretion never means the arbitrary will of the judge but must always be exercised in discerning and following the course prescribed by law.   *In re Superintendent of Banks*, 207 N.Y. 11, 15 (1912) quoting *Tripp v. Cook*, 26 Wend. 143, 152.   Here, the Defendant cannot vacate the default because he does not have a meritorious defense.   CPLR §§ 317, 5015; *Peacock v. Kalkow*, 239 A.D.2d 188, 189 (1st Dep't, 1997) ("While it is unclear under which statute defendant's motion was made, both statutes require that, in order to prevail, the movant must demonstrate that it has a meritorious defense to the action.").

14)     Lazarovsky does not give a reasonable excuse for his failure to answer or provide a meritorious defense. Lazarovsky's excuse for his failure to answer is that the summons and complaint were sent "to the wrong name.  It was sent to me when the case is really against my daughter."   This does not excuse for his failure to answer; instead, it would be an excellent reason for him to serve an answer.

15)     Moreover, the Defendant does not have a meritorious defense. He simply claims the debt is not his.  But the facts show that Lazarovsky, and not his daughter, is the appropriate defendant.

16)      The Baker Affidavit identifies Lazarovsky as the debtor by both his name and his Social Security Number.  See, Ex. A.  The account statement also identifies Lazarovsky as the debtor.  See, Ex. D.  And that statement is self-authenticating.  *Thomas v. Rogers Auto Collision, Inc.*, 69 A.D.3d 608 (2nd Dept 2010); *Elkaim v. Elkaim*, 176 AD2d 116 (1st Dept. 1991).  Accordingly, the evidence clearly shows that Lazarovsky is the proper defendant.

17)      Likewise, there is nothing on the account that identifies Lazarovsky's daughter as a debtor.  And there is no evidence of any fraud or identity theft.  Lazarovsky does not attach any police reports demonstrating this issue.  In fact, he does not even allege that he made any kind of report.  There simply is no evidence of identity theft and so he has not stated a meritorious defense to this action.

18)      Because all of the account information shows Lazarovsky as the debtor, nothing associates his daughter with the account, and there is no evidence of any fraud or identity theft, Lazarovsky's lone defense fails.  Therefore, the Order to Show Cause must be denied.

**WHEREFORE,** based upon the foregoing it is respectfully requested that the Court denies the Order to Show Cause.

Dated: East Amherst, NY
          February 21, 2014

The Law Office of Kevin Z. Shine, PLLC
*Attorneys for Plaintiff*
By: Jason B. Desiderio
5965 Transit Road
Suite 500
East Amherst, New York 14051
(888) 201-6643

# AFFIDAVIT

STATE OF MISSOURI

COUNTY OF PLATTE

Account Holder:   STANISLAV LAZAROVSKY          Account #: XXXX-XXXX-XXXX-0011

SSN/EIN/TIN #:   xxx-xx-1702

The undersigned, _____ **Shelley R. Baker** _____ being duly sworn, states and deposes as follows:

1. I am an employee of Citibank, N.A. ("Citibank") located at 7920 NW 110th Street, Kansas City, MO 64153, and am authorized to make the statements and representations herein. My job responsibilities include maintaining and recording information in Citibank's records as they relate to credit cards owned by Citibank. This includes accounts previously owned by Citibank (South Dakota), N.A., which merged into Citibank in or about July 2011. The statements set forth in this affidavit are true and correct to the best of my knowledge, information and belief based on either personal knowledge or review of the business records of Citibank.

2. My duties include having knowledge of, and access to, business records relating to the Citibank account referenced above. These records are kept by Citibank in the regular course of business and it was in the regular course of business of Citibank for an employee or representative with personal knowledge of the act, event, condition, or opinion recorded to make memorandum or records or to transmit information thereof to be included in such memorandum or records; and that the records were made at or near the time of the act and/or event recorded or reasonably soon thereafter.

3. That Citibank, in the regular course of business, provides various credit card processing services, including causing to be sent to customers periodic billing statements reflecting true and accurate activities on the customers' respective account(s) (other than months in which no statement may have been required by law).

4. That the records of Citibank indicate that account ending XXXX-XXXX-XXXX-0011 was opened on, or acquired by Citibank on, 5/2/2004 (Account). The account holder's name at time of electronic transmission was STANISLAV LAZAROVSKY, with a Social Security Number, Employer Identification Number, and/or Taxpayer Identification Number ending: xxx-xx-1702.

5. That the records of Citibank indicate that as of the date the Account was sold, there was due and payable on the Account $2,153.32. To the best of my knowledge, information and belief there were no uncredited payments owed to the Account.

6. That the records of Citibank indicate that the last payment received on the Account by Citibank posted to the account on 6/5/2011.

7. That the records of Citibank indicate that the Account was sold to CACH, LLC on or about 2/21/2012 and Citibank retained no ownership interest in the account after it was sold.

FURTHER AFFIANT SAYETH NOT.

Dated this 24 day of Oct, 2012

by _Shelley R. Baker_

Citibank, N.A.

Subscribed and sworn to before me this 24 day of OCT, 2012 by _____ Shelley R. Baker _____

an employee of Citibank, N.A.

_Notary Public_

STEVEN D. MCELROY
Notary Public - Notary Seal
State of Missouri
Commissioned for Clay County
My Commission Expires: January 26, 2014
Commission Number: 10927291

(Notary Stamp/Seal)          My Commission Expires: _____

Contract ID: ST1SM1AM081711
Document ID: 021012ST1SM1FMG1
Document ID: 021012ST1SM1EMG1

### AFFIDAVIT OF SALE
### OF ACCOUNT
### BY ORIGINAL CREDITOR

STATE OF SOUTH DAKOTA
COUNTY OF MINNEHAHA

Patricia Hall, being duly sworn, deposes and says:

I am the Financial Account Manager of Citibank, N.A. ("Bank") located at 701 East 60th Street North, Sioux Falls, SD 57117, am authorized to make the statements and representations herein and I am over 18 years of age. In that position I have access to the Bank's books and records, and am aware of the process of the sale of accounts and electronic storage of business records.

On or about February 21, 2012, Bank sold a pool of charged-off accounts (the Accounts) by a Purchase and Sale Agreement and a Bill of Sale to CACH, LLC. As part of the sale of the Accounts, certain electronic records were transferred on individual Accounts to the debt buyer. These records were kept in the ordinary course of business of the Bank.

I am not aware of any errors in the information provided about the accounts. The above statements are true to the best of my knowledge.

Signed this ___23rd___ day of ___February___, ___2012___.

_____
Patricia Hall

Sworn before me this ___23rd___ day of ___Feb___, ___2012___.

_____
Notary Public

(Notary Stamp)

My Commission Expires: ___04/01/12___

CACH LLC 081711.doc

Contract ID: ST1SM1AM081711
Document ID: 021012ST1SM1FMG1
Document ID: 021012ST1SM1EMG1

# CERTIFICATE OF CONFORMITY

STATE OF SOUTH DAKOTA
COUNTY OF SIOUX FALLS

The undersigned does hereby certify that he/she is an attorney at law duly admitted to practice in the State of South Dakota and is a resident of Sioux Falls, in the State of South Dakota; that the foregoing acknowledgment by Patricia Hall, named in the foregoing instrument taken before Louise M. Sandoval, a Notary in the State of South Dakota, was taken in the manner prescribed by such laws of the State of South Dakota, being the State in which it was taken; and that it duly conforms with such laws and is in all respects valid and effective in such state.

2/27/12
Date

_____
Attorney at Law in the State of South Dakota

CACH LLC 081711.doc

CIVIL COURT OF THE CITY OF NEW YORK
STATE OF NEW YORK : COUNTY OF RICHMOND

---

CACH OF COLORADO, LLC,

                     Plaintiff(s),

v.

STANISLAV LAZAROVSKY,

                     Defendant(s).

Index No.
13R001890

AFFIDAVIT
OF CLAIM

---

STATE OF COLORADO       )
                             ):ss.
COUNTY OF DENVER       )

     I, _____, being first duly sworn on oath or upon affirmation, depose and state that I am the authorized agent and a custodian of record of CACH, LLC a/k/a CACH of Colorado, LLC the Plaintiff in the case captioned CACH of COLORADO, LLC v. STANISLAV LAZAROVSKY, Index number 13R001890 in the Civil Court of the City of New York and County of RICHMOND, that I am of legal age with full authority to make the statements contained herein, that I declare under penalty of perjury under the laws of the State of New York that the following is true and correct, and if called as a witness I could competently testify to the matters stated herein as follows:

     1.    I have reviewed the books and records of Plaintiff and am familiar with the account of STANISLAV LAZAROVSKY (the "Defendant"). Plaintiff's books and records contain account records and information of the account referenced below provided to Plaintiff by the Original Creditor referenced below or its assignee. The records are kept in the ordinary course of a regularly conducted business activity and are made either by a person having personal knowledge of the information contained therein or based on information conveyed by a person having personal knowledge of the information contained therein, and I know from my experience in reviewing such records and from common knowledge of how Credit Cards work that those records are made and maintained by individuals who have a business duty to make entries in the records accurately at or near the time of the event that they record.

2.      The records consist of both hard copy information and electronic information that is generated, stored and maintained in accordance with generally accepted standards in the retail and financial industries by individuals that possess the knowledge and training necessary to ensure the accuracy and reliability of the records.

3.      The business records furnished to Plaintiff show that Defendant opened a Credit Card account with Citibank South Dakota, N.A. ("Original Creditor") bearing account number 5121079647290011 (the "Account").

4.      The Defendant defaulted in his/her payments to the Original Creditor.

5.      For good and valuable consideration, Plaintiff purchased the Account from the Original Creditor or its assignee and Plaintiff is the current creditor of the Account.

6.      All credits and payments have been properly applied, Defendant is not entitled to any additional credits or offsets on the account of any kind, and the balance as set forth herein is currently due and owing.

7.      There is now due and payable from the Defendant the sum of $2153.32 plus interest calculated on the advice of counsel at the legal rate of 9% per annum from the date of entry of default judgment plus any costs as permitted by law.


**Further Affiant sayeth not.**

Dated this _____ day of _____, 2013

APR 2 5 2013

CACH, LLC

By: _____

Print Name: _____

Title:  Authorized Agent and Custodian of Records


Subscribed and sworn to before me on this _____ day of _____, 2013

_____
Notary Public
My commission expires: _____

Affidavit of Claim
2

CIVIL COURT OF THE CITY OF NEW YORK
STATE OF NEW YORK: COUNTY OF RICHMOND

CACH OF COLORADO, LLC,                          Index No.: 13R001890

                              Plaintiff          CERTIFICATE OF
                                                 CONFORMITY
-v-

STANISLAV LAZAROVSKY

                              Defendant

The undersigned, an attorney admitted to practice in the State of New York, and the attorney for the Plaintiff,

affirms the following to be true under the penalties of perjury:

(1) I am an attorney-of-law also admitted to practice in the State of Colorado (Colorado Attorney
     Registration Number 11049).

(2) I do hereby certify that the acknowledgement of proof upon the annexed document was taken in the
     manner prescribed by the laws of the State of Colorado and conforms to the laws thereof.

Dated: May 28, 2013
       East Amherst, New York        By: Kevin Z. Shine
                                      The Law Office of Kevin Z. Shine, PLLC
                                      *Attorney for the Plaintiff*
                                      5965 Transit Road, Suite 500
                                      East Amherst, New York 14051
                                      (888) 201-6643
                                      Plaintiff's NYCDCA License Number: 1253378


Sworn to before me on this ___28th___ day of ___May___, 2013.

Laurice Pacer
Notary Public

        LAURICE RENEE PACER
     Notary Public - State of New York
           NO. 01PA6226986
          Qualified in Erie County
     My Commission Expires __8/28/14__

# Account Statement

## sears  Sears Premier MasterCard®

Send Notice of Billing Errors and Customer Service Inquiries to:
SEARS CREDIT CARDS
PO Box 6282, Sioux Falls, SD 57117-6282

Customer Service:
searscard.com
Account Inquiries:
1-800-669-8488

Account Number:  5121 0796 4729 0011

### Summary of Account Activity

| | |
|---|---|
| Previous Balance | $2,108.77 |
| Payments | -$0.00 |
| Other Credits | -$0.00 |
| Purchases | +$0.00 |
| Cash Advances | +$0.00 |
| Fees Charged | +$35.00 |
| Interest Charged | +$45.79 |
| New Balance | $2,189.56 |
| Past Due Amount | $610.27 |

| | |
|---|---|
| Credit Limit | $0.00 |
| Available Credit | $0.00 |
| Amount Over Credit Limit | $89.56 |
| Statement Closing Date | 01/08/2012 |
| Next Statement Closing Date | 02/06/2012 |
| Days in Billing Cycle | 31 |

### Payment Information

| | |
|---|---|
| New Balance | $2,189.56 |
| Minimum Payment Due | $802.62 |
| Payment Due Date | February 4, 2012 |

**Late Payment Warning:** If we do not receive your minimum payment by the date listed above, you may have to pay a late fee up to $35.

**Minimum Payment Warning:** If you make only the minimum payment each period, you will pay more in interest and it will take you longer to pay off your balance. For example:

| If you make no additional charges using this card and each month you pay... | You will pay off the balance shown on this statement in about... | And you will... end up paying an estimated total of... |
|---|---|---|
| Only the minimum payment | 10 years | $4,175 |
| $87 | 3 years | $3,144 (Savings=$1,031) |

If you would like information about credit counseling services, call 1-877-337-8180.

New York residents may contact the New York State Banking Department to obtain a comparative listing of credit card rates, fees and grace periods by calling 1-877-226-5697.

Your account is seriously past due.  Amount past due is shown above.  Arrangements for future payments should be made immediately.

### TRANSACTIONS

| Trans Date | Description | Reference # | Amount |
|---|---|---|---|
| *FEES* | | | |
| 01/01 | LATE FEE | | $ 35.00 |
| | TOTAL FEES FOR THIS PERIOD | | $ 35.00 |

3 ME 3

NOTICE: SEE REVERSE SIDE FOR IMPORTANT INFORMATION        Page 1 of 4                    This Account is issued by Citibank, N.A.

↑ Please detach this portion and return with your payment to insure proper credit. Retain upper portion for your records. ↑

Sears Premier MasterCard®

Make Checks Payable to:
SEARS CREDIT CARDS
† Past Due Amount is included in the Minimum Payment Due.

| Your Account Number | Payment Due Date | New Balance | Past Due Amount† | Minimum Payment Due | Amount Enclosed |
|---|---|---|---|---|---|
| 5121 0796 4729 0011 | FEBRUARY 4, 2012 | $2,189.56 | $610.27 | $802.62 | $ |

SAVE STAMPS, TIME... AND TREES!  Visit Account Online and register now for Online Bill Pay, Paperless Statements and More.

021 5121079647290011 0218956 0080262 0005040 031 000 2

STANISLAV LAZAROVSKY
355 BRADLEY AVE
STATEN ISLAND, NY  10314-5137

SEARS CREDIT CARDS
PO BOX 183082
COLUMBUS, OH 43218-3082

Print address changes above in blue or black ink

## Information About Your Account.

**How to Avoid Paying Interest on Purchases.** Your payment due date is at least 25 days after the close of each billing cycle. We will not charge you any interest on purchases if you pay your New Balance by the payment due date each month. This is called a grace period on purchases. If you do not pay the New Balance in full by the payment due date, you will not get a grace period on purchases until you pay the New Balance in full for two billing cycles in a row. We will begin charging interest on cash advances and balance transfers (if available on your account) on the transaction date.

If you have a balance subject to a deferred interest promotion and that promotion does not expire before the payment due date, that balance (the "excluded promotional balance") is excluded from the amount you must pay in full to get a grace period. However, you must still pay any separately required payment on the excluded promotion. In billing cycles in which payments are allocated to deferred interest balances first, the deferred interest balance will be reduced before any other balance on the account. However, you will continue to get a grace period on purchases so long as you pay the New Balance by the payment due date each billing cycle.

In addition, certain promotional offers take away the grace period on purchases. Other promotional offers not described above may also allow you to have a grace period on purchases without having to pay all or a portion of the promotional balance by the payment due date. If either is the case, the promotional offer will describe what happens.

**How We Calculate Your Balance Subject to Interest Rate.** We use a daily balance method (including current transactions) to calculate interest charges. To find out more information about the balance computation method and how the resulting interest charges were determined, contact us at the Account Inquiries number on the front.

**Balance Transfers.** Balance transfer amounts are included in the "Purchases" line in the Summary of Account Activity (if balance transfers are available on your account).

**Transaction Date.** The Transaction Date shown on the statement is also the Sale Date.

**Credit Reporting Disputes.** If you think we reported inaccurate information to a credit bureau write us at the Customer Service address shown on the front.

**Report a Lost or Stolen Card Immediately.** Call the Account Inquiries number shown on the front.

### What To Do If You Find A Mistake On Your Statement

If you think there is an error on your statement, write to us at the address for billing inquiries and correspondence shown on the front of your statement.

In your letter, give us the following information:
- *Account information:* Your name and account number.
- *Dollar amount:* The dollar amount of the suspected error.
- *Description of problem:* If you think there is an error on your bill, describe what you believe is wrong and why you believe it is a mistake.

You must contact us:
- Within 60 days after the error appeared on your statement.
- At least 3 business days before an automated payment is scheduled, if you want to stop payment on the amount you think is wrong.

You must notify us of any potential errors *in writing.* You may call us, but if you do we are not required to investigate any potential errors and you may have to pay the amount in question.

### What Will Happen After We Receive Your Letter

When we receive your letter, we must do two things.
1. Within 30 days of receiving your letter, we must tell you that we received your letter. We will also tell you if we have already corrected the error.
2. Within 90 days of receiving your letter, we must either correct the error or explain to you why we believe the bill is correct.

While we investigate whether or not there has been an error:
- We cannot try to collect the amount in question, or report you as delinquent on that amount.
- The charge in question may remain on your statement, and we may continue to charge you interest on that amount.
- While you do not have to pay the amount in question, you are responsible for the remainder of your balance.
- We can apply any unpaid amount against your credit limit.

After we finish our investigation, one of two things will happen:
- *If we made a mistake:* You will not have to pay the amount in question or any interest or other fees related to that amount.
- *If we do not believe there was a mistake:* You will have to pay the amount in question, along with applicable interest and fees. We will send you a statement of the amount you owe and the date payment is due. We may then report you as delinquent if you do not pay the amount we think you owe.

If you receive our explanation but still believe your bill is wrong, you must write to us within 10 days telling us that you still refuse to pay. If you do so, we cannot report you as delinquent without also reporting that you are questioning your bill. We must tell you the name of anyone to whom we reported you as delinquent, and we must let those organizations know when the matter has been settled between us.

If we do not follow all of the rules above, you do not have to pay the first $50 of the amount you question even if your bill is correct.

### Your Rights If You Are Dissatisfied With Your Credit Card Purchases

If you are dissatisfied with the goods or services that you have purchased with your credit card, and you have tried in good faith to correct the problem with the merchant, you may have the right not to pay the remaining amount due on the purchase.

To use this right, all of the following must be true:
1. The purchase must have been made in your home state or within 100 miles of your current mailing address, and the purchase price must have been more than $50. (Note: Neither of these are necessary if your purchase was based on an advertisement we mailed to you, or if we own the company that sold you the goods or services.)
2. You must have used your credit card for the purchase. Purchases made with cash advances from an ATM or with a check that accesses your credit card account do not qualify.
3. You must not yet have fully paid for the purchase.

If all of the criteria above are met and you are still dissatisfied with the purchase, contact us *in writing* at the address for billing inquiries and correspondence shown on the front of your statement.

While we investigate, the same rules apply to the disputed amount as discussed above. After we finish our investigation, we will tell you our decision. At that point, if we think you owe an amount and you do not pay, we may report you as delinquent.

EM    SMC-TIG-SCC-SCP-IMPs 12/11

191070  1238-53CC-0000-P-E-00-X--05/01/04-45--P-E-0-7-402-0-0---00/01/11 GDVB-December 6, 2011-0-R
Ni--

## Important Payment Instructions.

**Right to Prepay Your Account.** You may pay all or part of your account balance at any time. However, you must pay, by the payment due date, at least the minimum payment due.

**Crediting Payments.** If we receive your payment in proper form at our processing facility by 5 p.m. local time there, it will be credited as of that day. A payment received there in proper form after that time will be credited as of the next day. Allow 5 to 7 days for payments by regular mail to reach us. There may be a delay of up to 5 days in crediting a payment we receive that is not in proper form or is not sent to the correct address. The correct address for regular mail is the address on the front of the payment coupon. The correct address for courier or express mail is the Express Payments Address shown below.

**Proper Form.** For a payment sent by mail or courier to be in proper form, you must:
- Enclose a valid check or money order. No cash, gift cards, or foreign currency please.
- Include your name and account number on the front of your check or money order.

If you send an eligible check with this payment coupon, you authorize us to complete your payment by electronic debit. If we do, the checking account will be debited in the amount on the check. We may do this as soon as the day we receive the check. Also, the check will be destroyed.

**Copy Fee.** We charge $3 for each copy of a billing statement that dates back 3 months or more. We add the fee to the regular purchase balance. We waive the fee if your request for the copy relates to a billing error or disputed purchase.

## Payment Options Other Than Regular Mail.

- **In-Store Payments (Where Available).** Any payment in proper form accepted in-store will be credited as of that day. However, credit availability may be subject to verification of funds. Not all stores accept payments. Contact your local store to see if in-store payments are accepted at that location.
- **Online Payments.** Visit the web address on the front and sign up for online payments. Enrollment may take a few days. If we receive your request to make an online payment by 5 p.m. Eastern time, we will credit your payment as of that day. If we receive your request to make an online payment after that time, we will credit your payment as of the next day. For security reasons, you may be unable to pay your entire New Balance with your first online payment.
- **Pay by Phone Service.** You may use this service any time to make a payment by phone. You will be charged $14.95 if a representative of ours helps expedite your payment. Call by 5 p.m. Eastern time to have your payment credited as of that day. If you call after that time, your payment will be credited as of the next day. We may process your payment electronically after we verify your identity.
- **Express Payments.** You can send payment by courier or express mail to the Express Payments Address. This address is: Payments Department, 1500 Bottonfield Street, Columbus, OH 43228. Payment must be received in proper form at the proper address by 5 p.m. Eastern time to be credited as of that day. All payments received in proper form at the proper address after that time will be credited as of the next day.

Account: **** **** **** 0011

TRANSACTIONS (cont.)

| Trans Date | Description | Reference # | Amount |
|---|---|---|---|
| **INTEREST CHARGED** | | | |
| 01/08 | INTEREST CHARGE ON PURCHASES | | $ 45.79 |
| | TOTAL INTEREST FOR THIS PERIOD | | $ 45.79 |

| 2012 Totals Year-to-Date | |
|---|---|
| Total Fees Charged in 2012 | $35.00 |
| Total Interest Charged in 2012 | $45.79 |

**INTEREST CHARGE CALCULATION**

Your Annual Percentage Rate (APR) is the annual interest rate on your account.

| Type of Balance | Annual Percentage Rate (APR) | Balance Subject to Interest Rate | Interest Charge |
|---|---|---|---|
| PURCHASES | | | |
| REGULAR | 25.24% (D)(V) | $2,136.42 | $45.79 |

(V) = Variable Rate   (D) = Daily

CONSUMER CREDIT TRANSACTION
IMPORTANT!! YOU ARE BEING SUED!!
THIS IS A COURT PAPER – *A SUMMONS*

DON'T THROW IT AWAY!! TALK TO A LAWYER RIGHT AWAY!! PART OF YOUR PAY CAN BE TAKEN FROM YOU (GARNISHED).  IF YOU DO NOT BRING THIS TO COURT, OR SEE A LAWYER, YOUR PROPERTY CAN BE TAKEN AND YOUR CREDIT RATING CAN BE HURT!! YOU MAY HAVE TO PAY OTHER COSTS TOO!! IF YOU CAN'T PAY FOR YOUR OWN LAWYER BRING THESE PAPERS TO THIS COURT RIGHT AWAY.  THE CLERK (PERSONAL APPEARANCE) WILL HELP YOU!!

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF RICHMOND

SUMMONS 13-1890

Index No.: Filed 3/28/13

Plaintiff's residence address:
4340 S. Monaco, 2nd FL
Denver, Colorado 80237

CACH of COLORADO, LLC,

Plaintiff

against

STANISLAV LAZAROVSKY,

Defendant

The basis of the venue designated is:

[X] The defendant resides in the County of RICHMOND

[ ] The transaction took place in the County of RICHMOND

To the above named defendant(s):
You are hereby summoned to appear in the Civil Court of the City of New York, County of RICHMOND at the office of the said court at 927 Castleton Avenue, Staten Island, NY, 10310  in the County of RICHMOND, City and State of New York, within the time provided by law as noted below and to file your answer to the annexed complaint with the Clerk:  upon your failure to answer, judgment will be taken against you for the sum of $2153.32 with interest thereon from the date of any judgment ordered together with the costs of this action.

Dated: March 15, 2013
Defendant's Address:   365 BRADLEY AVE
STATEN ISLAND, NEW YORK 10314

The Law Office of Kevin Z. Shine, PLLC
5965 Transit Road, Suite 500
East Amherst, New York 14051
(888) 201-6643

NOTE:  The law provides that: (a) If this summons is served by its delivery to you personally within the City of New York, you must appear and answer within TWENTY days after such service; or  (b)If this summons is served by delivery to any person other than you personally, or is served outside the City of New York, or by publication, or by any means other than personal delivery to you within the City of New York, you are allowed THIRTY days after proof of service thereof is filed with the Clerk of this Court within which to appear and answer.

WE ARE ATTEMPTING TO COLLECT A DEBT AND ANY INFORMATION WILL BE USED FOR THAT PURPOSE.  THIS COMMUNICATION IS FROM A DEBT COLLECTOR.
Plaintiff's NYCDCA License Number: 1253378

120016681891

**TRANSACCION DE CREDITO DEL CONSUMIDOR**
**! IMPORTANTE ! ! UD. HA SIDO DEMANDADO !**
**ESTE ES UN DOCUMENTO LEGAL – UNA CITACION**

**! NO LA BOTE ! ! CONSULTE CON SU ABOGADO ENSEGUIDA ! LE PUEDEN QUITAR PARTE DE SU SALARIO (EMBARGARLO). ! SI UD. NO SE PRESENTA EN LA CORTE CON ESTA CITACION LE PUEDEN CONFISCAR SUS BIENES, (PROPIEDAD) Y PERJUDICAR SU CREDITO! ! TAMBIEN ES POSIBLE QUE TENGA QUE PAGAR OTROS GASTOS LEGALES (COSTAS) ! SI UD. NO TIENE DINERO PARA UN ABOGADO TRAIGA ESTOS PAPELES A LA CORTE INMEDIATAMENTE. VENGA EN PERSONA Y EL SECRETARIO DE LA CORTE LE AYUDARA.**

CORTE CIVIL DE LA CIUDAD DE NUEVA YORK
CONDADO DE RICHMOND

CACH of COLORADO, LLC,

Demandante,

vs.

STANISLAV LAZAROVSKY,

Demando,

CITACIÓN

No. de epigrafe:
Residencia del Demandante:
4340 S. Monaco, 2nd FL
Denver, Colorado 80237

La razón de haber designado esta Corte es:

[X] El Demandado vive en el Condado
de RICHMOND

[  ] La transacción de crédito tuvo lugar en el
de Condado

Al demandado arriba mencionado: **USTED ESTA CITADO a comparecer en la Corte Civil de la Ciudad de Nueva York, Condado de RICHMOND** a la oficina del Jefe Principal de dicha Corte en 927 Castleton Avenue, Staten Island, NY, 10310 en el Condado de RICHMOND, Ciudad y Estado de Nueva York, dentro del tiempo provisto por la ley según abajo indicado y a presentar su respuesta a la demanda adjunta al Jefe de la Corte; si usted no comparece a contestar, se rendirá sentencia contra usted en la suma de $2153.32 con intereses desde el dia de la demanda ordenada junto con los gastos de este caso.

Fechado: March 15, 2013
Demando(s) Addreess:  365 BRADLEY AVE
                      STATEN ISLAND, NEW YORK 10314

NOTA:  La Ley provee que:  (a) Si esta citación es entregada a usted personalmente en la Ciudad de Nueva York, usted debe comparecer y responderia dentro de VEINTE días después de la entrega; ó  (b) Si esta citación es entregada a otra persona que no fuera usted personalmente, ó si fuera entregada afuera de la Ciudad de Nueva York, ó por medio de publicación, ó por otros medios que no fueran entrega personal a usted en la Ciudad de Nueva York, usted tiene TRIENTA días para comparecer y responder la demanda, despues de haberse presentado prueba de entrega de la citación al Jefe de esta Corte.

WE ARE ATTEMPTING TO COLLECT A DEBT AND ANY INFORMATION WILL BE USED FOR THAT
PURPOSE.  THIS COMMUNICATION IS FROM A DEBT COLLECTOR.
Demandante NYCDCA número de licencia 1253378

120016681891

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF RICHMOND

---

CACH of COLORADO, LLC,

                          Plaintiff

-vs-

STANISLAV LAZAROVSKY,

                          Defendant

Index No.:

**COMPLAINT**

---

Plaintiff, CACH of COLORADO, LLC, by its attorneys, The Law Office of Kevin Z. Shine, PLLC, complaining of the Defendant STANISLAV LAZAROVSKY alleges the following:

### AS AND FOR A FIRST CAUSE OF ACTION

1. Plaintiff is a Colorado limited liability company duly licensed with the City of New York Department of Consumer Affairs; license number 1253378. The Plaintiff is the assignee or purchaser of all rights and privileges of the credit issuer Citibank South Dakota, N.A. which issued a Credit Card to the defendant(s).
2. That the defendant(s) resides in the County in which this action is brought; or that the defendant(s) transacted business within the County in which this action is brought in person or through his/her agent and that the instant cause of action arose out of such transaction.
3. Defendant(s) received cash, merchandise and/or credit on the Credit Card account now known and numbered as Citibank South Dakota, N.A., with account number 5121079647290011.
4. Defendant(s) agreed to make payments for goods and services charged and/or cash advances made upon said Credit Card.
5. Defendant(s) failed to make payments due pursuant to such agreement and $2153.32 is now due and owing the plaintiff from defendant(s).
6. Payment of the defaulted balance has been duly demanded and remains unpaid.

### AS AND FOR A SECOND CAUSE OF ACTION

7. Plaintiff repeats and alleges all of the above stated allegations.

8. Defendant(s) accepted statements sent by plaintiff or plaintiff's assignor for the above stated account without objection.

9. By reason thereof, as account was taken and stated by plaintiff or plaintiff's assignor to defendant in the amount of $2153.32 which to date remains unpaid.

**WHEREFORE**, Plaintiff CACH of COLORADO, LLC respectfully requests judgment against the defendant

STANISLAV LAZAROVSKY as follows:

    a. The sum of $2153.32, plus;
    b. Interest at the statutory rate of 9% per annum from the date of judgment, plus;
    c. All costs and disbursements of this action, plus;

120016681891

d. For such other and further relief as this Court deems just and proper.

Dated: East Amherst, New York
      March 15, 2013

The Law Office of Kevin Z. Shine, PLLC
*Attorneys for Plaintiff*
5965 Transit Road, Suite 500
East Amherst, New York 14051
(888) 201-6643

Deponent is an attorney associated with The Law Office of Kevin Z. Shine, PLLC. To the best of deponent's knowledge, information and belief, formed after an inquiry reasonable under the circumstances, the summons and complaint or the contentions therein are not frivolous as defined in section 130-1.-c of the Ruled of the Chief Adm. and the matter was not obtained through illegal conduct or in violation of 22 NYCRR 1200.41-a (DR-7-111)

Dated: March 15, 2013

_____
Kevin Z. Shine
Attorney at Law

WE ARE ATTEMPTING TO COLLECT A DEBT AND ANY INFORMATION WILL BE USED FOR THAT PURPOSE. THIS COMMUNICATION IS FROM A DEBT COLLECTOR.
Plaintiff's NYCDCA License Number: 1253378

120016681891

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF RICHMOND



Job # 190252

AFFIDAVIT OF SERVICE

Index no : 13R001890
Date Index Number Purchased: 03/28/2013

| PLAINTIFF(S): | CACH OF COLORADO, LLC |
|---|---|
| DEFENDANT: | STANISLAV LAZAROVSKY |

STATE OF NEW YORK
COUNTY OF NASSAU          ss.:

ABDELRAHMAN M ELENANI, the undersigned, being duly sworn, deposes and says that I was at the time of service over the age of eighteen and not a party to this action. I reside in the STATE OF NEW YORK.

On 04/13/2013 at 11:18 AM, I served the within SUMMONS AND COMPLAINT on STANISLAV LAZAROVSKY at 365 BRADLEY AVE, STATEN ISLAND, NY 10314 in the manner indicated below:

SUITABLE AGE: By delivering a true copy of each to "JOHN DOE" (REFUSED NAME), CO–TENANT, a person of suitable age and discretion. Said premises is recipient's usual place of abode within the state.

Pursuant to CPLR – Section 308(2) On 04/14/2013 , service was completed by depositing a true copy of each document to the above address in a 1st Class postpaid properly addressed envelope not indicating that the mailing was from an attorney or concerned legal action and marked "Personal and Confidential" in an official depository under the exclusive care and custody of the United States Post Office.

A description of the Recipient, or other person served on behalf of the Recipient is as follows:

| Sex | Color of skin/race | Color of hair | Approx Age | Approx Height | Approx Weight |
|---|---|---|---|---|---|
| MALE | WHITE | BLACK | 25–40 | 5ft. 9in. – 6ft. 0in | 160–199Lbs. |
| Other Features: | | | | | |

Your deponent asked the person spoken to whether the Recipient was in the active military service and received a negative reply. Upon information and belief I have; being based on the conversations and observations above narrated, Recipient is not in the military service.

Sworn to and subscribed before me on
__April 16, 20 13__
by an affiant who is personally known to
me or produced identification.

_____
NOTARY PUBLIC
My Commission Expires: _____

RACHEL HASSAN
Notary Public, State of New York
No. 01HA6263404
Qualified in Nassau County
Commission Expires June 11, 2016

X _____
ABDELRAHMAN M ELENANI
License#: 1418518
North American Process Serving, LLC.
2801 Wehrle Drive
Williamsville, NY 14221
716.565.0258
Atty File#: 120016681891

CIVIL COURT OF THE CITY OF NEW YORK
STATE OF NEW YORK: COUNTY OF RICHMOND

---

CACH OF COLORADO, LLC

Index No.: 13R001890

                                    Plaintiffs

                                                AFFIDAVIT OF
                                                PROVIDING
-v-                                             ADDITIONAL NOTICE
                                                TO COURT

STANISLAV LAZAROVSKY

                                    Defendant

---

STATE OF NEW YORK, COUNTY OF ERIE

Vitaliy Belous, being duly sworn, deposes and says:

I am over the age of 18, not a party in this action, and reside in the State of New York.

On March 28, 2013, an additional notice of the action, a copy of the Summons and Complaint, was provided to the Court in a first class postage paid envelope bearing the return address of the court, 927 Castleton Avenue, Staten Island, New York 10310.  This letter was addressed to the following person at his/her place of residence at the address set forth after his/her name:

STANISLAV LAZAROVSKY
365 Bradley Ave
Staten Island New York, 10314

Sworn to before me on April 16, 2013

Notary Public

Vitaliy Belous
Paralegal
The Law Office of Kevin Z. Shine, PLLC
5965 Transit Road
Suite 500
East Amherst, New York 14051
(888) 201-6643

LAURICE RENEE PACER
Notary Public - State of New York
NO. 01PA6226986
Qualified in Erie County
My Commission Expires  8 /23/14

**TRANSCRIPT OF JUDGMENT**

Index Number   CV-001890-13/RI

| JUDGMENT DEBTOR & ADDRESS | TRADE OR PROFESSION | JUDGMENT CREDITOR & ADDRESS |
|---|---|---|
| (1) STANISLAV LAZAROVSKY<br>365 BRADLEY AVE, Staten Island, New York 10314 | Unknown | (1) CACV of COLORADO, LLC<br>4340 S. MONACO, 2ND FLR., DENVER, Colorado 80237 |

| JUDGMENT DOCKETED | JUDGMENT RENDERED | | AMOUNT | Attorney for Judgment Creditor Name & Address | REMARKS: Date and manner of change of Status and Judgment |
|---|---|---|---|---|---|
| Date | Date | 06/11/2013 | | Kevin Zinn Shine | |
| Hr. & Min. | County | Richmond | Damages | $2,153.32 | 5965 TRANSIT ROAD SUITE |
| Index No. | Court | Richmond County Civil Court | Costs | $204.00 | 500, East Amherst, NY 14051- |
| | | | Other Fees | $40.00 | |
| | Hr. & Min. | 10:48 AM | Total | $2,397.32 | |

| EXECUTION RETURNED UNSATISFIED | | SATISFIED | |
|---|---|---|---|
| | WHEN | HOW & TO WHAT EXTENT | |

State of New York
County of Richmond
Richmond County Civil Court

I, the undersigned judge/clerk of Richmond County Civil Court held at 927 Castleton Ave, Staten Island, NY 10310, do hereby certify that the above is a correct transcription from the docket of the above judgment. I further certify that defendants, and/or debtors have been summoned, proof of which is filed with the above referenced court, in testimony whereof, I have hereunto set my name and affixed my official seal on this date: July 05, 2013

Page   1   of   1

*Carol Alt*

Carol Alt, Chief Clerk Civil Court

2013 JUL 23   P 2: 58

DIVISION OF LAW & EQUITY
RICHMOND COUNTY

U.S. POSTAGE
STATEN ISLAND, NY
FEB 13 '14
$6.49
0003I553-22



1405J



UNITED STATES
POSTAL SERVICE

I000        I405J

7012 2920 0002 0833 3859

Stanislav Lazarovsky
385 Bradley Ave
S.I., NY 10314

Kevin Zinn Shirk
5965 Transit Road, Suite 500
East Amherst, NY 14051

DIY

Civil Court of the City of New York
County of Richmond



ACV of COLORADO, LLC
               -against-
STANISLAV LAZAROVSKY

Index Number: CV-001890-13/RI

ORDER TO SHOW CAUSE TO
vacate the defendants default, and any judgment, lift
restraints and executions, order restitution and dismiss
or stay the action for 90 days or restore to the calendar
or allow a proposed answer

Upon the annexed affidavit of **STANISLAV LAZAROVSKY**, sworn to on February 7, 2014, and upon all papers and proceedings herein:

Let the Plaintiff(s) or Plaintiff(s) attorney(s) show cause at:

Civil Court of the City of New York County of Richmond
927 Castleton Ave, Staten Island, New York 10310
Part 34 C
on _____ 2/26/14 _____ at 9:30 AM
or as soon thereafter as counsel may be heard , why an order should not be made:

Vacating the defendants default and any judgment, lifting restraints and executions, ordering restitution or dismissing or staying the action for 90 days or restoring the action to the calendar or allowing a proposed answer.

PENDING the hearing of this Order to Show Cause and the entry of an Order thereon, let all proceedings on the part of the Plaintiff(s)/Petitioner(s), Plaintiff(s)/Petitioner(s) attorney(s) and agent(s) and any Marshal or Sheriff of the City of New York for the enforcement of said Judgment be stayed.

SERVICE of a copy of this Order to Show Cause, and annexed Affidavit, upon the:

| Plaintiff(s) or named attorney(s) (Judge to Initial) | Sheriff or Marshal (Judge to Initial) |
|---|---|
| _____ by Personal Service by " In Hand Delivery" | _____ by Personal Service by " In Hand Delivery" |
| _XX_ by Certified Mail, Return Receipt Requested | _____ by Certified Mail, Return Receipt Requested |
| _____ by First Class Mail with official Post Office Certificate of Mailing | _____ by First Class Mail with official Post Office Certificate of Mailing |

on or before _____ 2/10/14 _____, shall be deemed good and sufficient.   2/14/14  OM PER JHC MARRAZZO

PROOF OF SUCH SERVICE may be filed with the Clerk in the Part indicated above on the return date of this Order to Show Cause.

Attorney(s):  Mail to:
Kevin Zinn Shine (Counsel for Pltf)
965 TRANSIT ROAD SUITE 500
East Amherst, New York 14051

Sheriff/Marshal:

_____
February 7, 2014
DATE

_____
(NYC)

Hon. Orlando Marrazzo Jr.   Civil Court Judge

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF RICHMOND

Index No. 1890/13

**AFFIDAVIT IN SUPPORT OF AN
ORDER TO SHOW CAUSE
To Vacate a Judgment For Failure
to Answer**

Cacv of Colorado,
               Plaintiff,

   – against –

Stanislav Lazarovsky,
               Defendant.

Movant's address:
365 bradley ave
staten island, NY, 10314

State of New York, County of Richmond ss.:

STANISLAV LAZAROVSKY, being duly sworn, deposes and says:

1. I am a defendant and I am making this request in support of the Order to Show Cause to vacate a default judgment.

2. I did not file an answer to the Complaint with the court because of the following excusable default:

    a. Papers was sent to the wrong name. It was sent to me when the case is really against my daughter.

3. I have the following meritorious defense(s):

    a. I do not owe the money.

    b. I am a victim of identity theft or mistaken identity.

4. I want to tell the judge the following: The credit card name is under my daughters name (Stanislava) Which is almost spelled like my name Stanislav. They are sueing the wrong person.

5. I have not asked for a previous Order to Show Cause in this case.

Relief

6.  WHEREFORE, I request that the judge vacate any judgment, lift any and all

restraints and executions, order restitution, and upon vacatur, deem the attached

Proposed Answer timely filed, restore the case to the calendar, grant me permission

to serve these papers myself, and grant me such other and further relief as may be

just.

_____
stanislav lazarovsky, Defendant

Sworn to before me this ___7___ day

of ___Feb_____, 20 _14_.

_____
Notary Public or Court Clerk

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF RICHMOND

Index No. 1890/13

Cacv of Colorado,

Plaintiff,

**PROPOSED ANSWER CONSUMER
CREDIT TRANSACTION**

– against --

Stanislav Lazarovsky,

Defendant.

Movant's address:
365 bradley ave
staten island, NY, 10314

STANISLAV LAZAROVSKY, answers the Complaint as follows:

1. General Denial:  I deny the allegations of the Complaint.

2. I do not owe the money.

3. I am a victim of identity theft or mistaken identity.


**VERIFICATION**

**State of New York, County of Richmond ss.:**

STANISLAV LAZAROVSKY, being duly sworn, deposes and says: I am the Defendant
in this action, I have read the Proposed Answer Consumer Credit Transaction and know
the contents to be true to my own knowledge, except for those matters alleged to be on
information and belief, and as to those matters, I believe them to be true.

_____
stanislav lazarovsky, Defendant

Sworn to before me this ____7____ day
of __Feb_____ , 20_14_ .

_____
Notary Public or Court Clerk

Proposed Answer – Consumer Credit Transaction

Page 1 of 1

Made using the NYS Courts FREE DIY Forms

## AFFIDAVIT OF MAIL SERVICE

I hereby certify that on February 21, 2014, the foregoing has been deposited in an official depository under the exclusive care and custody of the U.S. Postal Service addressed to:

Stanislav Lazarovsky
365 Bradley Ave
Staten Island, New York 10314

Vitaliy Belous
Paralegal

CIVIL COURT OF THE CITY OF NEW YORK
STATE OF NEW YORK: COUNTY OF RICHMOND
---------------------------------------------------------------x
CACH of COLORADO, LLC,

                                    Plaintiff

                    -vs-

STANISLAV LAZAROVSKY,

                                    Defendant
---------------------------------------------------------------x

Index No.: CV-001890-13/RI

**PLAINTIFF'S AFFIRMATION
IN FURTHER RESPONSE TO
THE DEFENDANT'S ORDER
TO SHOW CAUSE**


Jason B. Desiderio, Esq. as an attorney duly admitted to practice in the Courts of this state

affirms the following under penalty of perjury:


1)      I am a member of The Law Firm of Kevin Z. Shine, PLLC, attorneys for CACH of

COLORADO, LLC (herein after referred to as the "Plaintiff") and am fully familiar with the facts

and circumstances herein after set forth.


2)      I submit this Affirmation in Further Response to the Order to Show Cause (OSC)

to Vacate a Judgment, lift restraints and executions, order restitution, restore to the calendar or

allow a proposed answer from Stanislav Lazarovsky (hereinafter referred to as the "Defendant").

Following the original Order to Show Cause filings, the Defendant obtained an attorney,

Mr. Jesse Langel, who then submitted a Notice of Appearance and a Reply Affirmation.

<u>Langel's Reply Is Improper</u>

3)      As an initial matter, Langel's reply is improper to the extent that it raises new arguments. Both the caption and the Affidavit of Claim were part of the record when the initial Order to Show Cause was filed.   Accordingly, the Court should summarily rejected those arguments.

<u>The Order To Show Cause Must Be Denied Because It Was Improperly Served.</u>

4)      Langel argues that the court can ignore the Defendant's failure to properly serve the Order to Show Cause.  According to his argument, since there is allegedly no prejudice, the jurisdictional issue is irrelevant.  The Defendant's attorney cites no authority for that proposition because there is none.  A court does not increase its jurisdiction based on the lack of prejudice.

5)      The Court has no jurisdiction to hear this Order to Show Cause because it was improperly served.  *Matter of Kiernan v New York State Bd. of Elections*, 95 AD3d 1242, 944 N.Y.S.2d 754 (2d Dept 2012)("Since strict compliance with the service provisions of the order to show cause is jurisdictional in nature, the Supreme Court here did not have jurisdiction to entertain the proceeding.").  Lazarovsky did not comply with the terms for service because he did not serve the Order to Show Cause on or before February 14, 2014.  He served it late.  Accordingly, the Court does not have jurisdiction to hear his motion and it must be denied.

<u>A Scrivener's Error In The Caption Does Not Create A New Entity.</u>

6)      The next argument advanced on the Defendant's behalf borders on frivolous.  The Defendant argues that the Plaintiff has no standing because of a scrivener's error.  The caption identifies the Plaintiff as "CACH of Colorado, LLC" but the Plaintiff's actual name is "CACH, LLC."  That scrivener's error was addressed in my prior affirmation and the issue is identified in the Affidavit of Claim submitted in support of the judgment.

7)      The concept of sanding is important because it ensures that the proper parties are before the Court.  A scrivener's error by this firm adding "of Colorado" to the Plaintiff's name does not rob the Plaintiff of sanding where the proper party is before this Court.

8)      CACH owns the debt.  See, Affidavit of Claim; Affidavit of Shelley R. Baker; and the Affidavit of Sale.  CACH is the party before this Court.  See, Affidavit of Claim.  CACH is licensed to do business in New York.  See, Exhibit A.  In fact, CACH is a licensed debt collector in New York City.  Its license number is 1253378-DCA.  The address associated with the license is the same as the address on the Summons in this case.  And that license does not expire until January 31, 2015.

9)      Likewise, the address on the Summons is CACH's address.  Counsel is not aware of any entity called "CACH of Colorado, LLC" and so there can be no claim that this non-existent entity owns the Defendant's debt.

10)     This firm's simple error of including "of Colorado" in the caption of its cases, which has been addressed in this firm's more recent cases, is irrelevant to the issue of standing. Moreover, there is no nefarious purpose (in fact, one is not even allged), no advantage to be gained from the error, and no prejudice to the Defendant.  In fact, such an error should only encourage defendants to answer if they were confused about the proper party in interest bring an action.

11)     The very reasonable explanation of the error, which is included in my previous application and supported by CACH's Affidavit of Claim, combined with the evidence demonstrating CACH's ownership of the account, demonstrates that the Defendant's arguments, as advanced by his attorney, come dangerously close to being frivolous and must be rejected.

                    The Affidavit of Claim Has The Name On the Front Page.

12)     The copy of the Affidavit of Claim submitted with the Plaintiff's initial reply appears to have a blank in the name.  Obviously, since the Clerk entered the judgment, the original Affidavit of Claim has a name on the first page and a date in the acknowledgement.  Plaintiff's Reply simply has a poor copy.  The original was filed with the Clerk in support of the Plaintiff's default application contains the name and date stamped in blue ink.  A better of the Affidavit of Claim copy is attached as Exhibit B.

13)     The Affidavit does not demonstrate "robo-signing."  Instead, the Langel's argument demonstrates the weakness of his client's position.

### The Only Thing Tying The Defendant's Daughter To
### This Debt Is The Defendant's Self Serving Statements.

14)     The Defendant has not demonstrated a meritorious defense.  Simply pointing his

finger at his daughter is insufficient. *Wall v. Bennett*, 33 A.D.2d 827 (3d Dept 1969) (a meritorious

defense "is not established by allegations in conclusory form."); *In re Shirley C.*, 145 A.D.2d 631

(2d Dept 1988) ("The conclusory assertions contained in his moving papers, without more, are

insufficient to justify vacating the default.").  Instead, the Defendant is required to put forth "some

proof" of his defense. *Wall*, 33 A.D.2d at 827.

15)     The Defendant and his attorney have not put forth a single piece of evidence that

calls into question his status as the debtor on this account.  There is no affidavit from the daughter

taking responsibility for the account.  There is no account statement with her name on it.  There is

no police report supporting some identity theft theory.  There is nothing.

16)     Instead, all that is before the Court is the Baker Affidavit and an Account Statement,

both of which identify the customer as the Defendant.  In fact, the Baker Affidavit identifies the

Defendant as the debtor by name and social security number.  Nothing ties the Defendant's

daughter to the debt.  And the Defendant has not submitted any evidence to substantiate his claim.

17)     Because the Defendant has failed to submit any evidence to support his alleged

defense, and because the evidence before the court demonstrates that he is the debtor, the Order to

Show Cause must be denied.

**WHEREFORE,** based upon the foregoing it is respectfully requested that the Court denies the Order to Show Cause with prejudice.

Dated: East Amherst, NY
      March 13, 2014

The Law Office of Kevin Z. Shine, PLLC
*Attorneys for Plaintiff*
By: Jason B. Desiderio
5965 Transit Road
Suite 500
East Amherst, New York 14051
(888) 201-6643

<u>AFFIDAVIT OF MAIL SERVICE</u>

I hereby certify that on March 13, 2014, the foregoing has been deposited in an official depository under the exclusive care and custody of the U.S. Postal Service addressed to:

Jesse Langel, Esq.
The Langel Firm
225 Broadway, Suite 700
New York, New York  10007

Vitaliy Belous
Paralegal

**Exhibit A**

# NYS Department of State

# Division of Corporations

## Entity Information

The information contained in this database is current through March 12, 2014.

Selected Entity Name: CACH, LLC
Selected Entity Status Information

| | |
|---|---|
| **Current Entity Name:** | CACH, LLC |
| **DOS ID #:** | 3426259 |
| **Initial DOS Filing Date:** | OCTOBER 18, 2006 |
| **County:** | NEW YORK |
| **Jurisdiction:** | COLORADO |
| **Entity Type:** | FOREIGN LIMITED LIABILITY COMPANY |
| **Current Entity Status:** | ACTIVE |

Selected Entity Address Information

**DOS Process (Address to which DOS will mail process if accepted on behalf of the entity)**

C/O CT CORPORATION SYSTEM
111 EIGHTH AVENUE
NEW YORK, NEW YORK, 10011

**Registered Agent**

CT CORPORATION SYSTEM
111 EIGHTH AVENUE
NEW YORK, NEW YORK, 10011

This office does not require or maintain information
regarding the names and addresses of members or
managers of nonprofessional limited liability companies.
Professional limited liability companies must include the
name(s) and address(es) of the original members,
however this information is not recorded and only
available by viewing the certificate.

**Exhibit B**

CIVIL COURT OF THE CITY OF NEW YORK
STATE OF NEW YORK : COUNTY OF RICHMOND

---

CACH OF COLORADO, LLC,

                     Plaintiff(s),

v.

STANISLAV LAZAROVSKY,

                     Defendant(s).

Index No.
13R001890

**AFFIDAVIT**
**OF CLAIM**

---

STATE OF COLORADO       )
                                ):ss.
COUNTY OF DENVER      )

     I, _____, being first duly sworn on oath or upon affirmation, depose and state that I am the authorized agent and a custodian of record of CACH, LLC a/k/a CACH of Colorado, LLC the Plaintiff in the case captioned CACH of COLORADO, LLC v. STANISLAV LAZAROVSKY, Index number 13R001890 in the Civil Court of the City of New York and County of RICHMOND, that I am of legal age with full authority to make the statements contained herein, that I declare under penalty of perjury under the laws of the State of New York that the following is true and correct, and if called as a witness I could competently testify to the matters stated herein as follows:

     1.     I have reviewed the books and records of Plaintiff and am familiar with the account of STANISLAV LAZAROVSKY (the "Defendant"). Plaintiff's books and records contain account records and information of the account referenced below provided to Plaintiff by the Original Creditor referenced below or its assignee. The records are kept in the ordinary course of a regularly conducted business activity and are made either by a person having personal knowledge of the information contained therein or based on information conveyed by a person having personal knowledge of the information contained therein, and I know from my experience in reviewing such records and from common knowledge of how Credit Cards work that those records are made and maintained by individuals who have a business duty to make entries in the records accurately at or near the time of the event that they record.

2.      The records consist of both hard copy information and electronic information that is generated, stored and maintained in accordance with generally accepted standards in the retail and financial industries by individuals that possess the knowledge and training necessary to ensure the accuracy and reliability of the records.

3.      The business records furnished to Plaintiff show that Defendant opened a Credit Card account with Citibank South Dakota, N.A. ("Original Creditor") bearing account number 5121079647290011 (the "Account").

4.      The Defendant defaulted in his/her payments to the Original Creditor.

5.      For good and valuable consideration, Plaintiff purchased the Account from the Original Creditor or its assignee and Plaintiff is the current creditor of the Account.

6.      All credits and payments have been properly applied, Defendant is not entitled to any additional credits or offsets on the account of any kind, and the balance as set forth herein is currently due and owing.

7.      There is now due and payable from the Defendant the sum of $2153.32 plus interest calculated on the advice of counsel at the legal rate of 9% per annum from the date of entry of default judgment plus any costs as permitted by law.


**Further Affiant sayeth not**.

Dated this _____ day of _____, 2013

APR 3 5 2013

CACH, LLC

By: _____

Print Name: _____

Title:  Authorized Agent and Custodian of Records


Subscribed and sworn to before me on this _____ day of _____, 2013

_____
Notary Public

My commission expires: _____

KATARZYNA KRASZEWSKA
NOTARY PUBLIC
STATE OF COLORADO
NOTARY ID 20_____
MY COMMISSION EXPIRES MARCH 18, 2015

**CIVIL COURT OF THE CITY OF NEW YORK**
**STATE OF NEW YORK: COUNTY OF RICHMOND**

| | | |
|---|---|---|
| CACH OF COLORADO, LLC, | | Index No.: 13R001890 |
| | Plaintiff | **CERTIFICATE OF** |
| -v- | | **CONFORMITY** |
| STANISLAV LAZAROVSKY | | |
| | Defendant | |

The undersigned, an attorney admitted to practice in the State of New York, and the attorney for the Plaintiff, affirms the following to be true under the penalties of perjury:

(1) I am an attorney-of-law also admitted to practice in the State of Colorado (Colorado Attorney Registration Number 11049).

(2) I do hereby certify that the acknowledgement of proof upon the annexed document was taken in the manner prescribed by the laws of the State of Colorado and conforms to the laws thereof.

Dated: May 28, 2013
East Amherst, New York

By: Kevin Z. Shine
The Law Office of Kevin Z. Shine, PLLC
*Attorney for the Plaintiff*
5965 Transit Road, Suite 500
East Amherst, New York 14051
(888) 201-6643
Plaintiff's NYCDCA License Number: 1253378

Sworn to before me on this _28th_ day of _May_, 2013.

Laurice Pacer
Notary Public

LAURICE RENEE PACER
Notary Public - State of New York
NO. 01PA6226986
Qualified in Erie County
My Commission Expires _8/22/14_