UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------

STANISLAV LAZAROVSKY, on behalf
of plaintiff and a class,

Plaintiff,

-against-                                    14-CV-1930

CACH, LLC, KEVIN Z. SHINE, PLLC,
KEVIN Z. SHINE, JOHN DOE 1-10
BEING THOSE INDIVIDUALS
CONTROLLING, SUPER-VISING OR
MANAGING THE ACTIVITIES COMPLAINED
OF IN THIS ACTION,

Defendants.

-----------------------------------------------------

### CLASS ACTION SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement") in the above-captioned case between: (a) plaintiff Stanislav Lazarovsky, individually, and on behalf of a Settlement Class of similarly situated persons; and (b) defendants CACH, LLC ("CACH"), The Law Office of Kevin Z. Shine, PLLC (incorrectly named in this action as Kevin Z. Shine, PLLC) and Kevin Z. Shine (collectively referred to as "Shine"), was reached after arms-length negotiations between counsel for all parties, and is entered into as of August 5, 2015.

**RECITALS:**

A.     The Class Members are a class of individuals (as defined below) on whose behalf plaintiff filed a class action complaint in the above-captioned case.

B.     The complaint in the class action alleges that defendants violated

-1-

the Fair Debt Collection Practices Act (15 U.S.C. § 1692, *et seq.*, "FDCPA"), the Fair Credit Reporting Act (15 U.S.C. § 1681, *et seq.*, "FCRA"), and the New York General Business Law Section 349 ("GBL"), and that such alleged violations render defendants liable for statutory damages, actual damages, costs, and reasonable attorneys' fees, among other things.    More specifically, plaintiffs complaint alleges, among other things, that defendants in attempting to collect a consumer debt from him and the class he seeks to represent sued him purportedly on behalf of CACH of Colorado, LLC rather than CACH, LLC, and by using the name of a non-existent entity (CACH of Colorado, LLC), defendants violated 15 U.S.C., Section 1692e (10), 15 U.S.C., Section 1692e (14) (First and Second Causes of Action), General Business Law Section 349 (Third Cause of Action), 15 U.S.C. Section 1692e(5) , 15 U.S.C. Section 1692e(2)(A), 15 U.S.C. Section 1692f, 15 U.S.C. Section 1692d (Fourth Cause of Action), 15 U.S.C. 1692j(a)(Fifth, Sixth, and Seventh Causes of Action) , 15 U.S.C. Section 1692e (Eighth Cause of Action), and 15 U.S.C. Section 1681b and 15 U.S.C. Section 1692c(b)(Ninth Cause of Action) .  Plaintiff asserts that such violations render defendants liable for statutory damages, actual damages, costs, and reasonable attorneys' fees, among other things.

C.    Defendants deny the material allegations in plaintiffs complaint, dispute both factually and legally that they are liable in any way to plaintiff or the class he seeks to represent, denies that its actions violated state or federal law in any  manner, and asserts that even if plaintiff were to prevail, defendants' maximum class liability is limited by 15 U.S.C. § 1692k(a)(2) to one percent of their net worth.  Nevertheless, defendants conclude that the  further

conduct of this litigation by them would be protracted and expensive, and that it is desirable that this litigation be fully, finally and forever settled in the manner set forth in this Agreement. Defendants are therefore willing to enter into this Agreement to avoid the further expense and inconvenience of litigation and to buy peace and resolve and settle all claims which have been made or could be made against them by plaintiff and the class arising out of the alleged statutory violations.

D.     Class Counsel (defined below) have experience in handling class actions and consumer protection cases. Class Counsel have analyzed the facts and law relevant to this litigation, and they recognize the substantial expense and delay associated with the continued prosecution of this litigation against defendants through trial and through appeals. Further, Class Counsel is mindful of the limitations on any possible recovery to the class.

E.     Based on Class Counsel's extensive analysis of the law and facts at issue in this litigation, and the fact that under the statutory scheme applicable to this case it is highly unlikely that there could ever be a greater award to the Class Members, and pursuant to the advice of Class Counsel, plaintiff has determined that a settlement on the terms set forth herein is fair, adequate, and reasonable, and thus in the best interest of the Class.

F.     Based on extensive analysis of the law and facts at issue in this litigation, and the fact that under the statutory scheme applicable to this case it is highly unlikely that there could ever be a greater award to the Class Members, defendants believes that this settlement with the class on the terms set forth below is fair, adequate, and reasonable.

G.    The parties are desirous of entering into, and obtaining approval of this Agreement, pursuant to FED. R. Civ. P. 23, in order to fully and finally resolve all claims and disputes arising out of, or related to plaintiff's claims of violations of the FDCPA, FCRA, or GBL by defendants or any of its officers, directors, shareholders, members, employees, agents, or representatives.

### ARTICLE I
### DEFINITIONS

When used in this Settlement Agreement, the following terms shall  mean:

1.1    "AGREEMENT " means this Settlement Agreement in the above-captioned case.

1.2    "BUSINESS DAY" means any day on which national banks are open for the conduct of general business.

1.3    "CLASS" means a class conditionally certified for purposes of settlement only, and in accordance with the terms of this Agreement only, which is described as:

a.    all individuals with addresses in the State of New York;

b.    who, during the period from March 26, 2013 through the date of the Preliminary Certification Order, were sued by CACH of Colorado, LLC, represented by The Law Office of Kevin Z. Shine, PLLC;

c.    attempting to collect a consumer debt;

d.    where such lawsuits are either still pending (i.e., have not already been discontinued) or have resulted in judgments against such

individuals where the judgments are either partly or completely unsatisfied; and

e.        that the class is estimated to be comprised of 276 people.

The following persons, assuming that they otherwise meet the class definition, will be excluded from the settlement class:

a.        any person who already received  or  entered  into an FDCPA/ GBL/FCRA settlement with Defendants that encompasses the class claims asserted by plaintiff;

b.        any person who has filed for bankruptcy  protection  under Title 11 of the United States Code  on  or after the start of the class period;  and

c .        any class member who timely mails a request for exclusion.

1.4        "CLASS COUNSEL" means Mitchell L. Pashkin and Jesse Langel.

1.5        "CLASS MEMBERS" means those persons who are a part of the class and who do not fall within  the above-stated    exclusions.

1.6        "CLASS NOTICE" means the Court-approved notice, in a form substantially similar to that attached hereto as **_Exhibit_**    **C**.

1.7        "CLASS PERIOD" means the period from March 26, 2013, to the Preliminary Approval Date as defined below.

1.8        "CONSUMMATION DATE" means  the  date  upon  which  all obligations and duties of the parties have been  effectuated  and  the Agreement has been  closed.

1.9        "COURT" means  the  United  States  District  Court  for  the  Eastern District of New York.

1.10  "DEFENDANTS" mean CACH, LLC, The Law Office of Kevin Z. Shine, PLLC, and Kevin Z. Shine, and includes all officers, directors, shareholders, members, agents, employees, representatives, and insurers of Defendants.

1.11  "FINALITY DATE" means the date after which the Court has entered the Final Order and Judgment, and the time for perfecting an appeal of such Final Order and Judgment has expired with no appeal taken; final dismissal of any appeal taken; or affirmance of the Final Order which is not subject to further review by any court with appellate jurisdiction over the Litigation.

1.12  "FAIRNESS HEARING" means the hearing to be conducted by the Court pursuant to FED. R. CIV. P. 23 to consider the fairness, adequacy, and reasonableness of the settlement reflected in this Agreement.

*1.13*  "FINAL ORDER AND JUDGMENT" means the final order and judgment to be entered by the Court approving this Agreement as fair, adequate, and reasonable under FED. R. Civ. P. 23, confirming certification of the Class for settlement purposes only, enjoining future litigation by the Class Members, and making such other findings and determinations as the Court deems necessary and appropriate to effectuate the terms of this Agreement, which shall be in substantially the same form as the attached **Exhibit  D.**

1.14  "INITIAL NOTICE DATE" means the deadline set by the Court for the mailing of the Class Notice, which shall be not fewer than thirty (30) days after the Preliminary Approval Date.

1.15  "LITIGATION" means the above-captioned case.

1.16   "PARTIES" means the Class Members (including Plaintiff), Class Counsel and Defendants.

*1.17*   "PRELIMINARY APPROVAL DATE" means the date that the Court enters its order granting the Joint Motion for Conditional Certification and Preliminary Approval of Class Action Settlement Agreement, in a form substantially similar to that attached hereto as **Exhibit B.**

1.18   "PRELIMINARY CERTIFICATION MOTION" is defined In Section 2. l(A) of this Agreement.

1.19   "PRELIMINARY CERTIFICATION ORDER" is defined in Section 2. l(A) of this Agreement.

1.20   "RELEASED CLAIMS" means:

A.   For plaintiff Stanislav Lazarovsky, all claims, actions, causes of action, demands, rights, damages, attorney's fees and costs other than those provided for in this Agreement and compensation whatsoever that he or his heirs, executors, administrators, successors, assigns, and attorneys may have against Defendants or any of Defendants' partners, officers, directors, shareholders, managers, employees, heirs, executors, administrators, agents, representatives, successors, assigns, insurance carriers, clients, and attorneys from the beginning of time through the date of this Agreement, it being the named plaintiff's intent to release all claims of any kind or nature, known or unknown, arising pursuant to contract, tort, common law, statute, or regulation, that he may have against the parties herein released.

B.     For the class, all claims, actions, causes of action, demands, rights, damages, costs, attorneys' fees and expenses other than those provided for in this Agreement , and compensation whatsoever that the Class or the Class Members' respective heirs, executors, administrators, successors, assigns, and attorneys could assert against defendants or any of defendants' partners, officers, directors, shareholders, managers, employees, heirs, executors, administrators, agents, representatives, successors, assigns, insurance carriers, clients, and attorneys as a result of the alleged violations of the state or federal law that were alleged or could have been alleged in this Litigation.

### Article II

#### TERMS AND CONDITIONS OF THE SETTLEMENT

Plaintiff and defendants agree to the following settlement, subject to the terms and conditions of this Agreement and the terms and conditions of the incorporated documents. The relief provided for under this Agreement is in full satisfaction of all of defendants' liability for all Released Claims (as defined above) of Plaintiff and all of the Class Members.

2.1   *Class Action Settlement Procedures*

A.     Plaintiff and defendants shall file a Joint Motion for Conditional Certification and Preliminary Approval of Class Action Settlement Agreement with the Court (the "Preliminary Certification Motion") seeking entry of an Order Certifying Class and Granting Preliminary Approval of Settlement (the "Preliminary Certification Order") which would (1) certify, for settlement purposes only, a class of Plaintiff in the class action pursuant to FED. R. CIV. P.

23; (2) preliminarily approve this Agreement, the proposed notice to the Class regarding the settlement terms and Final Fairness Hearing (the "Class Notice"); and (3) direct that the Class Notice be distributed to the Class in the manner described below. The Preliminary Certification Motion and the Preliminary Certification Order shall be in a form substantially similar to those attached hereto and incorporated herein by reference as **Exhibits A and B,** respectively. The Class Notice shall inform the Class of the nature of this litigation, the proposed settlement, and the right of Class Members to object, enter an appearance, or opt out, and shall be in a form substantially similar to that attached hereto and incorporated herein by reference as **Exhibit** C. The Class Notice shall be distributed by mailing a copy of the notice to each class member as described below.

B.   Defendants or its designee will print, copy, and mail the Class Notice to the Class Members at the most current address reflected in Defendants' records, with a notation on the envelopes requesting address correction . If any notice is returned with a new address, the notice will be re-mailed to the new address. As to any Class Member whose notice is returned without a forwarding address Defendants or its designee shall run such Class Member through the National Change of Address database to seek a good address and then re-send the Notice to any Class Member for whom it is possible to obtain a new address as a result of such search. Defendants will use its best efforts to provide prompt re-sending of any returned notices. However, defendants and its attorneys shall not be responsible for the failure of the Postal Service to timely deliver or return a class notice. Defendants shall

have no obligation to re-send a notice that is not returned by the Postal Service until after the date that is seven days prior to the Final Fairness Hearing.

     C.    The cost of preparing and filing satisfactions of judgment, vacaturs of judgment, and stipulations of discontinuances in the related state court actions involving the pertinent Class Members, as appropriate and as described more fully below, shall be borne by the defendants.

     D.    Defendants agrees to support the entry by the Court of the Preliminary Certification Order. Such certification, and defendants' agreement to support such certification, shall be expressly conditioned upon the Court's approval of the Final Order and Judgment. Furthermore, the parties and their attorneys will support the Settlement and will take no action inconsistent with such support. Advising Class Members to opt out of the Class shall be deemed to be inconsistent with support of the settlement. Advising Class Members to seek their own, independent counsel and/ or answering questions of Class Members shall not be deemed to be inconsistent with support of the settlement.

     E.    Plaintiff and defendants shall file a Joint Motion for Approval of the Final Order and Judgment (the "Final Settlement Motion") seeking the entry of the Final Order and Judgment, finally approving the Agreement following the Fairness Hearing before the Court, and approving attorney fees and costs. Among other things, the Final Order and Judgment shall include provisions which dismiss the Litigation with prejudice, approve the proposed relief to the Class, and grant the individual and class releases described in this Agreement and approve Plaintiff's attorney fees.

F.     Defendants' agreement to support the Preliminary and Final Settlement Motions, for purposes of this Agreement only, shall be without prejudice to any *status quo ante* defenses, rights, or positions in the Class Action. In the event this Agreement is not approved by the Court, or if approval of this Agreement, including the *entry* of the Preliminary Certification Order or the Final Order and Judgment, is reversed or modified on appeal (except for the modification of any attorney's fee award), or any one of the conditions precedent set forth in Article V of this Agreement is not met or any termination right under Section 6.2 of this Agreement is exercised , then the Preliminary Certification Order and the Final Order and Judgment, including, but not limited to, the conditional class certification entered to effectuate this Agreement , and all findings of fact and conclusions of law therein, shall be automatically dissolved and deemed null and void without further order of the Court, and in such event all *status quo ante* rights of the parties to assert all other defenses, rights, and positions, shall in all respects be unaffected and preserved . The Preliminary Certification Order and the Final Order and Judgment shall so provide .

G.     Within ten (10) days of filing this Agreement with the Court, Defendant shall provide notice of this proposed class settlement to the appropriate state and federal authorities, and file proof of same with the Court, in compliance with the Class Action Fairness Act, 28 U.S.C. § 1715(b) ("CAFA").

2.2     *The Class*. The Class is defined in Section 1.3 above. It is possible that some members of the Class may have died or discharged through bankruptcy proceedings during the Class Period. The orders presented to the

Court shall address the consequences of death or bankruptcy discharge which did not exclude the alleged debt.

2.3    *Settlement Consideration.* Subject to the terms of this *Agreement, Defendants agree* to provide the following relief to Plaintiff and the Class:

A.    Defendants shall satisfy any partially paid and/or partially satisfied judgments previously entered against class members.

B.    Defendants shall request vacatur of any completely unsatisfied (i.e., where no payments have been received by defendants) judgments previously entered against class members. If any of these completely unsatisfied judgments resulted from cases brought in a court other than the Supreme Court and a transcript of judgment was filed with the County Clerk, Defendants obligation to request vacatur of the judgment also shall include an obligation to obtain and file with the County Clerk a Certificate of Disposition. In the event that Defendants request to vacate any completely unsatisfied judgment referenced in this paragraph, and the state court refuses to do so, Defendants will be deemed to have satisfied their obligations under this paragraph and can file a satisfaction of judgment in the alternative.

C.    Defendants shall seek the dismissal, without prejudice, of all pending lawsuits brought in the name of CACH of Colorado, LLC against class members.

D.    Defendants will also pay plaintiff Stanislav Lazarovsky for his individual claims the total amount of $1,000.00, as provided for in    15

-12-

U.S.C., Section 1692k, and in consideration of plaintiff's service to the Class defendants will pay to him an additional $5,000.00.

E.    Defendants shall bear the costs of class administration,

F.    Subject to approval of the Court, Defendants shall pay in addition to the above the reasonable attorney's fees and expenses of plaintiffs attorneys in an amount of $24,900.00 or if the court requires a fee application and as a result approves a lesser sum, such lesser sum approved by the court.

### 2.4    Opting Out of the Class.

A.    The Preliminary Certification Order that is submitted to the Court shall provide that Class Members who wish to exclude themselves (opt out) from the Class and the proposed Settlement must mail a written request for exclusion to Class Counsel and Counsel for Defendants postmarked no later than a date that is at least two (2) weeks prior to the final Fairness Hearing.

B.    In any such written request for exclusion, the Class Member must set forth his or her full name, address, telephone number, together with a statement to the effect that that he or she wishes to be excluded from or opt out of the Class, in addition to any other directions set forth in the Preliminary Certification Order. In any such documents that are filed with the Court, to the extent applicable, the Social Security Number shall be redacted from the filed copy.

C.    Any Class Member who submits a valid request for exclusion at any time prior to the expiration of the opt-out period shall not be

bound by the terms of this Agreement and shall not receive any of the benefits of the Settlement.

D.    If more than 50 Class Members timely send written requests for exclusion (opt out of the Class Action Settlement), Plaintiff and Defendants shall each independently have the right, but not the obligation, to withdraw from the Settlement. Such an election shall be made in writing and sent to all counsel of record within ten ( 10) days after the deadline for submitting requests for exclusion specified above.

2.5    *Class Members' Release and Exclusive  Remedy .*

A.    Upon entry of the Final Order and Judgment, each Class Member, including plaintiff, on behalf of himself and such  Class Members and of any person claiming by or through each such Class Member as heir, administrator, devisee, predecessor, successor, representative of any kind, or assignee shall be deemed to release and forever discharge defendants and all of its partners, officers, directors, shareholders, managers, employees, heirs, executors, administrators, agents, representatives, successors, assigns, insurance carriers,  clients, and attorneys (the "Released Persons"), from any and all of the Released Claims.

B.    The relief described herein is the   exclusive   method  of recovery and exclusive remedy for all Class Members  for  any and all of the Released Claims, and shall be in lieu of any other remedy or right of action against the   Released   Persons   for   the   Released   Claims. Accordingly, the Released Persons shall not be subject to liability to any

Class Member with respect to any of the Released Claims, other than as set forth in this Agreement.

        C.    Each Class Member, upon the Court's entry of a Final Order and Judgment, shall be enjoined by that Order from instituting or maintaining any action for the Released Claims against the Released Persons. The Court's Final Order and Judgment shall enjoin such actions for the Released Claims.

2.6     *Attorney's Fees and Expenses.* Since the attorney's fees and costs being paid to Class Counsel is not being deducted from any sums that otherwise would be paid to the Class Members and is being paid directly by Defendants in the manner agreed upon between them, Class Counsel shall not have to submit a fee application unless ordered by the court Order Certifying Class and granting Preliminary Approval. If ordered by the court Order Certifying Class and granting Preliminary Approval, Class Counsel will seek from the Court an award of his reasonable attorney's fees and costs. Class Counsel shall be solely responsible for drafting the fee application. Defendants will not oppose any application that does not seek fees and costs in excess of $24,900.00. Should the Court approve a lesser amount of fees and costs, such approval shall not be a basis for any party to withdraw from the settlement; however, Class Counsel may appeal such an award of a lesser amount. Any Class Member or other person may be represented by counsel of his or her choice, but all fees and expenses of such counsel, if other than Class Counsel, shall be paid by the Class Member or other person and not by defendants.

*2.7  No Ad mission of Liability by Defendants.* The parties and their

attorneys stipulate that this Agreement does not constitute an admission by

defendants that any claim or fact alleged by any party in the Class Action is true

or correct, and Defendants expressly deny any liability or wrongdoing

whatsoever in connection with matters which are the subject of the  Class

Action.

      *2.8 Objection Period for  Class  Members.*

    A.  Class Members shall be afforded an opportunity to object to the
Settlement. Subject to approval of the Court objectors shall be
required to notify the Court, Class Counsel and counsel for
defendants,  in writing, of their intent to object to one or more of
the terms of this Agreement or the Final Order and Judgment.

    B.  Subject to Court approval, the Preliminary Certification Order will
require  that such notice  of objections  shall include:

        (1)    the name, address, telephone number, and any counsel
for any  objector;
        (2)  a statement of each objection  being  made;
        (3)  a detailed description of the facts underlying each
objection;
        (4)  a detailed description of the legal authorities
underlying eachobjection;
        (5)  a statement of whether the objector intends to appear
at the Fairness Hearing;
        (6)  a list of witnesses whom the objector may call by live
testimony, oraldeposition testimony or affidavit during
the Fairness Hearing; and
        (7)  a list of exhibits which the objector may  offer  during
the Fairness Hearing, along with copies of all of the
exhibits.

    C.  Subject to Court approval the Preliminary Certification Order shall
further  provide:

such notice of objections with the Court and serve such notice of objections upon Class Counsel and counsel for defendants no later than_____, 2016 [which shall be a date which is at least three (3) weeks prior to the final Fairness Hearing]. Unless otherwise agreed by both defendants and Class Counsel, any Class Members or other persons who fail to properly or timely file their objections with the Court, or fail to timely serve such objections on Class Counsel and counsel for Defendants, shall not be heard during the Fairness Hearing and the Court will not consider their objections.

### ARTICLE III
### APPEARANCE BY CLASS MEMBERS

3.1 *Entry of Appearance.* Pursuant to FED. R. Crv. P. 23(c)(2)(B)(iv), in the Class Notice the Class Members shall be notified that they may enter an appearance, on their own behalf or through an attorney at their own expense, if the member so desires.

### ARTICLE IV
### REPRESENTATIONS AND WARRANTIES

4.1 *Representations and Class Counsel's Warranties.* All parties represent and warrant that they believe the settlement set forth in this Agreement is in the best interest of the class.

4.2 *Representations and Warranties of Plaintiff.* Plaintiff represents and warrants as follows:

owner of the individual claims asserted in the Lawsuit, that he has not assigned, pledged (except to his attorneys), sold or otherwise transferred such claims (or an interest in such claims), and that on the Finality Date, he will own such claims free and clear of any and all liens, claims, charges, security interests or other encumbrances of any nature whatsoever, except for any contingent legal fees and expenses; and

B.    that this Agreement does not constitute an admission by Defendants that any claim or fact alleged by any party in the Class Action is true or correct, and defendants have always and consistently expressly denied any liability or wrongdoing whatsoever in connection with matters which are the subject of the Class Action.

### ARTICLE V
### CONDITIONS TO CLOSING

5.1  *Conditions.* The foregoing agreements of Plaintiff and Defendants are subject to the accuracy of the representations and warranties contained in this Agreement and to the performance by the parties hereto of their obligations under this Agreement in all material respects. Additionally, defendants' obligation to provide the class relief described herein and to proceed with closing shall be subject to the satisfaction of each of the following conditions to closing on or prior to the Consummation Date (unless such conditions are waived by Defendants):

A.    the Finality Date shall have occurred;

B.     the Court shall have approved and signed a Final Judgment in substantially the same form as the attached **Exhibit D** that includes a release of all of the Released Claims;

C.     Defendants and plaintiff shall have been furnished with such additional documents as may be reasonably required in order to implement the transactions contemplated by this Agreement; and

D.     the representations and warranties contained in Article IV of this Agreement shall be true and correct as of the date of execution of this Agreement.

### ARTICLE VI
### MISCELLANEOUS PROVISIONS

6.1     *Appeals.* In the event that an appeal is taken by a Class Member or any other person from the Preliminary Certification Order or the Final Order and Judgment, the parties to this Agreement agree to support the position on such appeal that the order or orders appealed from should be affirmed in its or their entirety, and to file briefs or other appropriate court papers in support of that position. Nothing contained herein, however, shall prejudice the rights of plaintiff, Class Counsel, or defendants to appeal from any order of the Court that is inconsistent with the orders contemplated by this Agreement.

6.2     *Termination.* This Agreement shall be terminable by plaintiff or defendants upon five (5) Business Days written notice if any of the terms, conditions, or representations of the Agreement are not adhered to by the Court or by any party or their counsel. If this Agreement is terminated, plaintiff, defendants, and each of the Class Members shall be deemed to be in

the same position as existed prior to its execution, with the same *status quo*

*ante* rights and interests as they may have had absent the entry by defendants and plaintiff into these settlement discussions, and this Agreement and all other understandings and agreements between the parties and their respective counsel relating to the settlement, shall be deemed to be null and void and of no force and effect. In that event, the parties will jointly notify the Court of the need to decide plaintiff's Motion for Class Certification as a contested motion, and/or to revive defendants' previously-pending motions for judgment on the pleadings pursuant to Fed.R.Civ.P. 12(c).

6.3    *Preparation of Satisfactions, Judgment Vacaturs, and Stipulations/ Notices of Dismissal.* Subject to Approval of the Court, the agreement will be implemented as follows:

A.    Within 20 days after the Finality Date, regarding cases where judgments were entered and said judgments are partially paid and/or satisfied, satisfactions of judgment will be prepared by defendants and filed with each appropriate court within the State of New York. Defendants will bear the cost of filing the appropriate satisfactions of judgment.

B.    Within 20 days after the Finality Date, regarding cases where judgments were entered and said judgments are completely unsatisfied, vacaturs of judgment, and where applicable a request for a Certificate of Disposition, as referenced in paragraph 2.3(B), will be prepared by Defendants and filed with each appropriate court within the State of New York. Defendants will bear the cost of obtaining any needed Certificate of

-20-

Disposition and filing the appropriate vacaturs of judgment/ Certificate of Disposition. In the event that Defendants request to vacate any completely unsatisfied judgment referenced in this paragraph, and the state court refuses to do so, Defendants will be deemed to have satisfied their obligations under this paragraph and can file a satisfaction of judgment in the alternative.

C.     Within 20 days after the Finality Date, defendants will prepare and file stipulations of discontinuance or notices of discontinuance and file these documents with the appropriate court in the State of New York. Defendants will bear the cost associated with such filing.

D.     Within one hundred eighty (180) days after the Finality Date, defendants will furnish class counsel with an accounting of each judgment satisfaction, judgment vacatur, and each stipulation or notice of discontinuance filed with the appropriate court.

6.4     *No Admission*. The parties and their attorneys stipulate that this Agreement is a compromise of disputed claims, and that this Agreement is entered into without admitting any liability, which liability is expressly denied, and without agreement by any Party to any of the allegations made by another Party. The parties and their attorneys further stipulate that nothing contained in this Agreement, the supporting documents, or the negotiations leading up to this Agreement shall be construed as an admission of liability or wrongdoing of any kind, or -- in the event that this Agreement is terminated -- as a waiver of any claim or defense that defendants or plaintiff may have in the Litigation, nor

of Plaintiffs' right to seek class certification on a contested basis, defendants' right to oppose such certification, or a waiver of defendants' rights to revive their previously-pending motions for judgment on the pleadings.

6.5  *Entire Agreement.* This Agreement, including all referenced Exhibits, is the entire agreement of the Parties. All antecedent or contemporaneous extrinsic representations, warranties, or collateral provisions concerning the negotiation and preparation of this Agreement are intended to be discharged and nullified.

6.6  *Modification.* No modification of this Agreement may be made, except by written agreement executed by plaintiff, Class Counsel, and defendants, and approved by the Court.

6.7  *Notices.* All notices between and to Class Counsel and defendants required under this Agreement shall be sent by first class U.S. mail, by hand delivery, or by facsimile, to the recipient designated in this Agreement. The timeliness of all submissions and notices shall be measured by the date that is three (3) days after the date of the postmark (if sent by mail), or by the date of receipt (if hand delivered or sent by facsimile). The persons designated to receive notice are as follows:

> Mitchell L. Pashkin , Esq.
> 755 Park Avenue, Suite 225
> Huntington, NY 11743
> 631-335-1107
>
> CLASS COUNSEL

and:

Jesse D. Langel, Esq.
The Langel Firm
225 Broadway, Suite 700
New York, NY 10007
646-290-5600

CLASS COUNSEL

and:

ARTHUR SANDERS.Esq.
BARRON & NEWBURGER, P.C.
30 SOUTH MAIN STREET
NEW CITY, NY 10956
FAX: 845-499-2992

COUNSEL FOR DEFENDANT CACH, LLC

and:

Ian M. Friend, Esq.
Hardin, Kundla, McKeon & Poletto, P.A.
110 William Street, 25th Fl.
New York, NY.10038
Fax: (212) 571-1117

COUNSEL FOR DEFENDANTS KEVIN Z. SHINE,
AND THE LAW OFFICE OF KEVIN Z. SHINE, PLLC

6.8    *Execution in Counterparts.* This Agreement may be executed in any number of counterparts and each of which when so executed shall be deemed an original and all of which taken together shall constitute one and the same Agreement.

6.9    *Applicable Law.* This Agreement and the rights and obligations of the Parties shall be governed by and shall be construed and enforced in accordance with the laws of the United States and the State of New York without regard to any conflict of law provision in said laws of the State of New

than that of the State of New York to the performance, validity, construction, or enforcement of this Agreement.

6.10 *Headings.* Article and Section headings in this Agreement are for convenience of reference only and are not to be taken to be a part of the provisions of this Agreement, nor to control or affect meanings, constructions or the effect of the same.

6.11 *Benefit of Agreement.* The Agreement shall be binding upon and inure to the benefit of the parties hereto, the Class Members, the Released Persons, and their respective successors, heirs, and assigns. Nothing in this Agreement is intended or shall be construed to give any other person or entity any legal or equitable right, remedy or claim under or in respect to this Agreement or any provision herein entered.

6.12 *Place of Performance.* This Agreement shall be performed in the Eastern District of New York.

6.13 *Best Efforts.* All signatories to this Agreement and their counsel shall exercise their best efforts to take all steps and expend all efforts that may become necessary to effectuate this Agreement.

*Parties Are Equal Drafters.* The parties shall be deemed to have drafted this agreement equally, and the settlement documents shall not be construed strictly against plaintiff or defendants.

-24-

Dated: 10/28/16 , 2016.

| | CACH, LLC |
|---|---|
| *Stanislav Lazarovsky*, individually and as putative class representative | By: |
| | Kevin Z. Shine, PLLC |
| Mitchell L. Paskhin, Esq. | By:  Kevin Z. Shine |
| Jesse D. Langel, Esq. | Kevin Z. Shine |
| ATTORNEYS FOR PLAINTIFF | |
| | Arthur Sanders, Esq. |
| | ATTORNEY FOR DEFENDANTS |

-25-

Dated: _____, 2016.

_____
Stanislav Lazerovsky, individually and
as putative class representative

_____
Mitchell L. Pashkin, Esq.

_____
Jesse D. Langel. Esq.

ATTORNEYS FOR PLAINTIFF

CACH, LLC

By: Elizabeth Garcia
Kevin Z. Shine, PLLC

By: Kevin Z. Shine

_____
Kevin Z. Shine

_____
Arthur Sanders, Esq.

ATTORNEY FOR DEFENDANTS

Dated: _____, 2016.

_____
Stanislav Lazarovsky, individually and as
putative class representative

_____
Mitchell L. Paskhin, Esq.

_____
Jesse D. Langel, Esq.

ATTORNEYS FOR PLAINTIFF

CACH, LLC

_____
By: Arthur Sanders, Esq. Attorney for
CACH, LLC

CACH, LLC

_____
By:

Kevin Z. Shine, PLLC and Kevin Shine, Esq.

_____
By: Ian M. Friend, Esq. Attorney for Kevin
Z. Shine, PLLC and Kevin Z. Shine, Esq.

_____
Kevin Z. Shine

Dated: _____, 2016.

_____
Stanislav Lazarovsky, individually and as
putative class representative

_____
Mitchell L. Paskhin, Esq.

_____
Jesse D. Langel, Esq.

ATTORNEYS FOR PLAINTIFF

CACH, LLC

_____
By: Arthur Sanders, Esq. Attorney for
CACH, LLC

CACH, LLC

By: Elizabeth Garcia

Kevin Z. Shine, PLLC and Kevin Shine, Esq.

_____
By: Ian M. Friend, Esq. Attorney for Kevin
Z. Shine, PLLC and Kevin Z. Shine, Esq.

_____
Kevin Z. Shine